## Fred MANS v. STATE.
### No. 16839.

Court of Criminal Appeals of Texas.
May 23, 1934.

Rehearing Denied June 20, 1934.

J. W. Culwell, of Amarillo, and O. Ellis, of Amarillo (on motion for rehearing only), for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

Receiving and concealing stolen property is the offense; penalty assessed at confinement in the penitentiary for two and one-half years.

The indictment appears regular. No fault in the procedure has been presented by way of bills of exception or otherwise. The facts heard in the trial court are not brought up for review.

The judgment condemns the appellant to confinement in the penitentiary for not less than two nor more than two and one-half years.

Nothing has been perceived in the record which would authorize this court to reverse the judgment of conviction. It is therefore affirmed.

### On Motion for Rehearing.

HAWKINS, Judge.

Appellant seems to think that, because the judgment condemned him to confinement in the penitentiary for two and a half years, there was no compliance with the Indeterminate Sentence Law. The judgment is correct. It follows the verdict. When the court pronounced sentence upon appellant, he gave him the benefit of the Indeterminate Sentence Law and directed that he be confined in the penitentiary for not less than two nor more than two and a half years, which is in accordance with article 775, C. C. P.

The motion for rehearing is overruled.

## Allen MELTON v. STATE.
### No. 16988.

Court of Criminal Appeals of Texas.
June 13, 1934.

Earl M. Greer, of Wills Point, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The conviction is for false swearing; penalty assessed at confinement in the penitentiary for two years.

Upon the written request of the appellant, duly verified by his affidavit, the appeal is dismissed.